IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al., | Lead Case<br>CV 24–43–M–DWM |
| Plaintiffs, | Member Case<br>CV 24–44–M–DWM |
| and | |
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | ORDER |
| Consolidated Plaintiffs, | |
| vs. | |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., | |
| Defendants, | |
| and | |
| SPORTSMEN'S ALLIANCE FOUNDATION, SAFARI CLUB INTERNATIONAL, and ROCKY MOUNTAIN ELK FOUNDATION, | |
| Defendant-Intervenors. | |

The Sportsmen's Alliance Foundation, the Safari Club International, and the Rocky Mountain Elk Foundation (collectively, "the Hunting Coalition") have filed a motion to intervene as a matter of right in this action pursuant to Federal Rule of

1

Civil Procedure 24(a) or, in the alternative, to intervene at the Court's discretion pursuant to Rule 24(b). (Doc. 7.) The existing parties take no position on the motion. (*See id.* at 2.) A case management plan is due on July 8, 2024. (Doc. 4)

Intervention as of right under Rule 24(a) is appropriate when the party seeking to intervene demonstrates the following: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the subject of the action; (3) the applicant's ability to protect its interest may be impaired or impeded by the disposition of the action; and (4) the existing parties may not adequately represent the applicant's interest. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* The review of an application to intervene "is guided primarily by practical considerations, not technical distinctions." *Id.* (quotation marks omitted). The practical considerations of this case indicate that intervention as a matter of right is appropriate.

On the first factor, timeliness, considerations include: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022) (quotation marks omitted). Here, the

motion to intervene is timely. No substantive developments have occurred in the case, and a briefing schedule has not yet been set.

On the second factor, a proposed intervenor must demonstrate that its asserted interest is "protectable under some law" and that "there is a relationship between the legally protected interest and the claims at issue." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (quotation marks omitted). The Hunting Coalition asserts interests rooted in "hunting and responsibly managing wolves in accordance with state laws" and outside the "strictures" of the Endangered Species Act ("ESA"). (Doc. 8 at 17.) While an alleged loss of the general right to hunt a particular species likely falls short of demonstrating the requisite cognizable interest, the Rocky Mountain Elk Foundation has indicated that it has invested in "land acquisitions, exchanges, conservation easements, and improving habitat quality . . . in an effort to enhance wildlife populations"; efforts that would be jeopardized by increased, unregulated predation. (Doc. 8-9 at ¶¶ 5–8, 9, 14 (Weaver Decl.).) Likewise, the Safari Club and Sportsmen's Alliance indicate that some members are hunters or outfitters whose livelihoods depend on hunting activities that would be impacted by a listing decision, (Doc. 8-3 at ¶¶ 6, 9–14 (Bullock Decl.); Doc. 8-6 at ¶ 2 (Jacobsen Decl.)), or landowners that were adversely affected in leasing land when wolf numbers increased, (Doc. 8-8 at ¶¶ 5–8 (Rossignol Decl.)).

3

On the third factor, the disposition of the action may impair or impede the Hunting Coalition's ability to protect its asserted interests. If the gray wolf were relisted, the Hunting Coalition will be deprived of its ability to enjoy existing hunting rights as it relates both to the gray wolf and as it relates to elk, due to diminished ungulate populations. (*See, e.g.*, Doc. 8-3 at ¶¶ 9–10 (Bullock Decl.); Doc. 8-4 at ¶¶ 9-10 (Finch Decl.); Doc. 8-7 at ¶¶ 5–12 (Lumley Decl.); Doc. 8-2 at ¶¶ 9-11 (Brock Decl.); Doc. 8-10 at ¶¶ 5, 10 (Wiegand Decl.); Doc. 8-6 at ¶¶ 8–9 (Jacosen); Doc. 8-9 at ¶¶ 8–10, 14 (Weaver Decl.).)

Finally, "[t]he burden of showing inadequacy of representation is minimal and satisfied if the applicant can demonstrate that representation of its interests may be inadequate." *W. Watersheds Project*, 22 F.4th at 840 (quotation marks omitted). In determining the adequacy of existing representation, courts consider: "(1) whether the interest of the present party is such that it will undoubtedly make all of the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (internal quotation marks omitted). Here, the Hunting Coalition, unlike the government, is not tasked with elevating the interests of the gray wolf over all other interests as contemplated by the ESA; rather, the Hunting Coalition seeks to

4

vindicate competing interests. Accordingly, the Hunting Coalition satisfies the final criterion under Rule 24(a). Accordingly, the Hunting Coalition is permitted to intervene as of right.

Accordingly, IT IS ORDERED that the Hunting Coalition's motion to intervene, (Doc. 7), is GRANTED.

IT IS FURTHER ORDERED that the Hunting Coalition's proposed Answers must be promptly refiled in the appropriate cases. All other filing should be made in the Lead Case and spread to the Member Case. The Hunting Coalition must participate in drafting the parties' proposed case management plan, (*see* Doc. 4), with the understanding that their briefing may not be duplicative of the Federal Defendants in any way.

IT IS FURTHER ORDERED that the caption shall be amended as reflected above.

DATED this 16th day of May, 2024.

Donald W. Molloy, District Judge
United States District Court